UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE COMPANY, | Case No.  11-cv-03669-JST |
| Plaintiff, | **FINAL PRETRIAL ORDER** |
| v. | |
| AQUA SCIENCES ENGINEERS, INC., | |
| Defendant. | |

A final pretrial conference was held in this matter on September 24, 2013.  This Final Pretrial Order, issued pursuant to Federal Rule of Civil Procedure 16(e), encapsulates the rulings on those motions heard during the final pretrial conference, and all other matters discussed at the conference and by the parties in their moving papers and their Joint Pretrial Statement.

## I.   INTRODUCTION

Trial will commence on October 15, 2013, at 8:30 a.m., and shall continue until no later than October 31, 2013, at 1:30 p.m., absent further order of the Court.  The issues to be tried shall be those set forth in the parties' Joint Pretrial Statement, ECF No. 136, except to the extent modified by this Order.  This Final Pretrial Order supersedes the complaint, answer, and any counterclaims, cross-claims, or third-party complaints, in that only the issues expressly identified for trial remain in the case.

The stipulations of facts set forth in the Joint Pretrial Statement are approved and binding on all parties.  Except for good cause, each party is limited to the witnesses and exhibits disclosed in the Joint Pretrial Statement less any excluded or limited by this Order.  Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

As discussed during the Final Pretrial Conference, the parties shall appear for an additional case management conference on October 10, 2013, at 10:30 a.m., for the purpose of discussing any additional issues regarding the conduct of the trial or the evidence to be offered.  Any party wishing to appear by telephone must file a motion pursuant to the Local Rules.  The Court may, after the conclusion of that conference, amend this Order or issue separate orders pertaining to the subjects discussed.

At the Final Pretrial Conference, the parties withdrew their objections to the exhibits each party identified in the Joint Pretrial Statement to be offered at trial.  The parties indicated they had agreed on a "framework" for resolving their objections to certain exhibits.  The parties have not indicated that any objections remain.  If any such objections do remain, the parties are hereby ORDERED to file them by October 9, 2013, so that the Court can rule on them at the Conference set for October 10, 2013.

## II.     TRIAL PROCEEDINGS

1.      The Court will impanel six jurors and three alternate jurors.

2.      The parties may each make a non-argumentative "mini opening statement," lasting no more than five minutes, to the venire prior to voir dire.  If the lawyers prefer instead that the Court read a joint statement of the case, the parties shall file the joint statement by no later than October 9, 2013.

3.      The parties may each make up to three preemptory challenges.

4.      The Court permits demonstrative exhibits during both the mini opening statement and opening statement, provided that counsel provide each other with their demonstrative exhibits 48 court hours in advance, and transmit any objections to the Court 24 court hours in advance.  All communications to the Court must be jointly drafted and must contain both the objection and the response.  Objections must be transmitted electronically in a format that permits the Court (1) to clearly view the disputed exhibit and (2) comprehend the objection and response.

5.      Each party shall have 16 hours to examine witnesses, including cross-examination, re-direct examination, and re-cross examination.

6.      Each party shall have up to forty-five minutes for an opening statement.  The Court

United States District Court
Northern District of California

2

1    will set a time limit for closing argument.

2         7.     Jurors will be provided notebooks by the Court.  Jurors' notes will be destroyed by

3    the Clerk at the conclusion of the trial.

4         8.     Jurors will be permitted to ask questions of witnesses during witness examination

5    by writing their questions on a blank piece of notebook paper.  Each party will have an

6    opportunity to review and object to juror questions before the Court poses them to the witness.

7         9.     The parties are hereby ORDERED to file a list of jointly proposed jury instructions,

8    and a list of disputed jury instructions by October 15, 2013.

9    **III.    MOTIONS IN LIMINE**

10        For the reasons discussed on the record at the Final Pretrial Conference, the Court hereby:

11        1.     DENIES

12            a.     Plaintiff's Motion in Limine to Preclude Trial Testimony of Defendant's

13   Expert Witness, ECF No. 115;

14            b.     Plaintiff's Motion in Limine to Exclude Evidence and/or Testimony

15   Regarding Lowe's Lack of Support for Subrogation Claims, ECF No. 127;

16            c.     Plaintiff's Motion in Limine to Exclude Evidence and/or Testimony Related

17   to Characterizations of ASE's Remediation Oversight Services, ECF No. 128;

18            d.     Defendant's Motion in Limine No. 2 to Limit Claims to Defendant's Phase I

19   Environmental Report, ECF No. 120; and

20            e.     Defendant's Motion in Limine No. 3 to Exclude the Introduction of All

21   Evidence and Testimony by Plaintiff Re the Applicable Standard of Care, ECF No. 121; and

22        2.     GRANTS

23            a.     Plaintiff's Motion in Limine to Exclude Evidence and/or Testimony

24   Pertaining to Insurance Industry, ECF No. 124;

25            b.     Plaintiff's Motion in Limine to Exclude Evidence, Testimony and/or

26   Argument Regarding Discovery Disputes, ECF No. 126; and

27            c.     Defendant's Motion in Limine No. 4 to Exclude the Testimony of Simon

28   Yoon, ECF No. 122.

United States District Court
Northern District of California

In addition, the Court issues the following rulings on the parties' remaining motions in limine.

### A. Plaintiff's Motion in Limine to Preclude Admission of Defendant's Affirmative Defenses, ECF No. 116

The motion is hereby GRANTED IN PART and DENIED IN PART.  Defendant stipulated at the Final Pretrial Conference that it intends only to advance its affirmative defense concerning California Civil Code section 1473, with respect to evidence concerning whether Lowe's knew of the alleged defects in Defendant's performance.  Defendant may present such evidence in connection with that affirmative defense, but Plaintiff's motion is granted in all other respects.

### B. Plaintiff's Motion in Limine to Exclude Evidence and/or Testimony Related to Robert Bealkowski, ECF No. 123

The motion is hereby GRANTED IN PART and DENIED IN PART.  The Court cannot conclude, based on the record before it, that Bealkowski's testimony is irrelevant, and so he will be permitted to testify as a fact witness.

However, the motion is granted insofar as it relates to any expert testimony Bealkoswki's might give pursuant to Federal Rule of Evidence 702.  Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Defendant had the obligation to disclose either an expert report pursuant to Rule 26(a)(2)(B) or "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify," pursuant to Rule 26(a)(2)(C)(i)-(ii).  Defendant failed to disclose Bealkowski as an expert witness, and failed to disclose an expert report or a summary of his testimony, as appropriate.

Rule 26's disclosure requirement applies even where the expert was not retained by the offering party for the purpose of offering expert testimony.  See Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 824 (9th Cir. 2011) (applying expert disclosure requirement to treating physician).  See, e.g., U.S. ex rel. McLean v. Cnty. of Santa Clara, No. 05-cv-01962-HRL, 2008 WL 2811192, at *2 (N.D. Cal. July 17, 2008) ("[A] party is required to disclose all experts-

United States District Court
Northern District of California

United States District Court
Northern District of California

retained and unretained-whom it may use at trial."). In <u>Goodman</u>, the Ninth Circuit observed that an unretained physician testifying as to an expert opinion formed in the course of treatment is not generally subject to the additional requirement that the offering party disclose an expert report when it discloses the expert witness. However, the court held that, where the witness' testimony goes beyond opinions formed during the course of treatment, an expert report may be required. <u>Goodman</u>, 644 F.3d at 826.

A party that fails to make the disclosures required by Rule 26 is subject to exclusion of the testimony via the automatic sanction provided for in Rule 37(c), unless the failure to disclose is "substantially justified" or "harmless." <u>Goodman</u>, 644 F.3d at 827. Defendant's failure here was not "substantially justified." Even though Defendant deposed Bealkowski, the failure also was not "harmless," because no party was aware at the time of the deposition that Bealkowski would be asked to offer expert testimony. Consequently, his testimony, insofar as it is offered pursuant to Federal Rule of Evidence 702, shall be excluded. This means also that any conclusions expressed by Mr. Bealkowski in written documents that reflect his expertise, i.e., conclusions that would not be a proper basis of lay opinion, are not admissible.

**C.     Plaintiff's Motion in Limine to Preclude Evidence or Reference to American International Group, Inc. and to Preclude the Defendant from Referring to Plaintiff as "AIG," "AIG Plaintiff," or Any Other Derivative Version of "AIG," ECF No. 125**

The motion is hereby GRANTED IN PART and DENIED IN PART. Neither Defendant's counsel nor its witnesses may refer to Plaintiff as "AIG," "Chartis/AIG," or any similar derivative version of AIG at trial. Defendant may not introduce any evidence for the sole purpose of explaining Plaintiff's corporate structure or history. However, it is not a proper ground of objection that an otherwise-admissible document refers to AIG or Chartis' relationship to AIG.

The parties shall prepare a joint stipulation of fact that the Court will read to the jury at the beginning of the trial concerning Plaintiff's relationship to AIG.

**D.     Plaintiff's Motion in Limine to Exclude Evidence and/or Witness Testimony Related to Underwriting or Claims Handling, ECF No. 129**

The motion is hereby GRANTED with respect to evidence concerning underwriting, and DENIED with respect to evidence concerning claims handling.

**E.    Plaintiff's Motion in Limine to Exclude Evidence and/or Testimony and to Prohibit Reference to Plaintiff's or Lowe's Wealth, ECF No. 130**

The motion is hereby GRANTED IN PART and DENIED IN PART.  Defendant does not oppose the motion except with respect to evidence concerning "the number of stores Lowe's has developed, its experience as a developer, the number of individuals employed by Lowe's and similar inquiries." ECF No. 154 p. 1.  That limitation is warranted.  The motion is GRANTED in all other respects.

**F.    Plaintiff's Motion in Limine to Exclude Defendant's Witnesses Who Are Not Party Representatives from Courtroom, ECF No. 131**

The motion is hereby GRANTED.  Further, as discussed at the Final Pretrial Conference, the parties may not discuss the testimony of a witness with that witness once he or she has begun testifying.  Nor may the parties send the testimony of any witness in the trial to witnesses the parties intend to call in the future.  Finally, witnesses are permitted to stay in the courtroom after testifying, provided the parties stipulate that the witness will not be called again.

**G.    Defendant's Motion in Limine No. 1 to Exclude or Limit the Trial Testimony of Timothy Wood, ECF  No. 119**

For the reasons discussed at the Final Pretrial Conference, the motion is hereby GRANTED IN PART and DENIED IN PART.  The motion is DENIED as to testimony concerning: the applicable standard of care; a general description of Defendant's Phase II services as they relate to the Phase I report; the witness' experience with respect to how customers of Phase I services rely on the Phase I report; and the Regional Water Board's role in responding to contamination at a given site.  The motion is GRANTED as to testimony concerning: any direct criticism of Defendant's Phase II services; Lowe's reliance on the Phase I report; and any criticisms of Defendant's personnel's credentials, its field investigation, laboratories, and oversight of remediation of the property.

**IV.    MISCELLANEOUS ISSUES**

1.    Defendant may examine Tom Maddox on all subjects when he is called as a witness in Plaintiff's case-in-chief.

2.    At the Final Pretrial Conference, Defendant also requested that Roger Bernstein be

United States District Court
Northern District of California

permitted to testify on October 15, 2013, even if that requires that he be taken out of order or during Plaintiff's case-in-chief.  The trial was thereafter continued to October 15, 2013.  Any issues concerning witness scheduling due to the continuance of the trial should first be addressed through the meet and confer process.  If, after meeting and conferring, the parties have a dispute regarding witness scheduling, they shall, by no later than October 9, 2013, file a joint letter brief explaining the dispute and seeking resolution from the Court.

**IT IS SO ORDERED.**

Dated:  October 6, 2013

_____
JON S. TIGAR
United States District Judge